IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              Crim. No. 06-20003-001/002

STEPHEN A GRIFFIN and
BARBARA L. GRIFFIN                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Stephen A. Griffin and Barbara L. Griffin, husband and wife, are charged in a 16-count indictment with crimes arising from a bankruptcy proceeding – conspiracy to conceal assets, perjury, and false declarations before court. The Griffins are represented by the same attorney, Jim Rose III. On February 16, 2006, I conducted a hearing under Fed. R. Crim. P. 44(c) to determine if joint representation would be permitted.

At the arraignment and Rule 44 hearing, I counseled the defendants regarding their rights to effective assistance of counsel, including separate representation. At the Rule 44 hearing, Rose offered that after meeting with the Griffins on several occasions and discussing with them extensively the matter of a conflict of interest, he and they have determined that no possibility of a conflict of interest exists. Rose stated that both Griffins intend to testify at trial at this point but they have a unified defense to the charges – that they are not guilty of any wrongdoing. The Griffins submitted affidavits at the hearing stating they have been extensively counseled by Rose concerning Rule 44 and the charges against them and they perceive no possibility of any type of conflict and desire representation by Rose. (Defs' Exs. 1, 2)

United States Attorney Steve Snyder offered at the hearing that he has some concern about statements made by the Griffins regarding their knowledge of a $94,000 check which appear inconsistent with the other's version of events. Rose responded that the seemingly inconsistent statements were both given by Barbara L. Griffin while Stephen A. Griffin has always maintained he does not remember receiving the check. Rose said he perceived no conflict between the Griffins' statements.

Rule 44(c)(2) provides that "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel."

Although a defendant may waive a conflict of interest, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." *Wheat v. United States*, 486 U.S. 153, 162 (1988). Further, a court may refuse a waiver "in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id*. at 163.

Here, based on all matters before me, I find good cause to believe that no conflict of interest will arise between the Griffins and that protective measures are unnecessary to ensure their right to counsel. Accordingly, I recommend that the court allow the joint representation to continue.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U. S. C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 17th day of February 2006.

                                              /s/Beverly Stites Jones
                                              HON. BEVERLY STITES JONES
                                              UNITED STATES MAGISTRATE JUDGE